RECEIVED
IN ALEXANDRIA, LA.

DEC 2 1 2009

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CIVIL ACTION NO. 1:65-cv-12721 |
|---|---|
| -vs- | JUDGE DRELL |
| SCHOOL BOARD OF AVOYELLES PARISH | MAGISTRATE JUDGE KIRK |

## RULING & ORDER

We have carefully considered the pending motion (Doc. 68) filed by the Avoyelles Parish School Board ("Board") to allow certain renovations within the local school system. In addition, the parties have conferenced on multiple occasions to seek agreements to the extent possible. The Court has formulated a simple chart[1] of the agreed and contested expenditures based upon the representations made to us by all parties following their negotiations:

| School | Agreed Amount | Contested Amount |
|---|---|---|
| Cottonport Elementary | $805,000 | $0 |
| Bunkie Elementary | $911,000 | $0 |
| Plaucheville Elementary | $225,000 | $0 |
| Riverside Elementary | $325,000 | $0 |
| LaSAS | $300,000 | $0 |
| Lafargue Elementary | $225,000 | $200,000 |
| Marksville Elementary | $225,000 | $215,000 |

---

[1] The "Agreed Amount" section of the chart represents the amount upon which all three parties have been able to agree; the "Contested Amount" section represents the total amount to which one or more parties has an objection of some kind.

| Avoyelles High | $425,000 | $416,225 |
| Bunkie High | $160,000 | $45,000 |
| Marksville High | $20,000 | $430,000 |
| **TOTAL** | **$3,621,000** | **$1,306,225** |

At this point, there are several considerations in play. The first such consideration is that we have received notice of approval by the Board for all expenditures, including a modification of the initial proposal to the Court. The modification seeks to reallocate some funding to LaSAS in order to establish an Auto Tech Program at that school.

The position of the Department of Justice regarding these proposals is essentially that every expenditure should be designed to foster desegregation in some manner. Nevertheless, while some of the Board's proposed expenditures have been objected to, there have been no alternative suggestions by the Department of Justice as to how the allocations could be structured more appropriately.

Likewise, the intervenor-plaintiff, Allen Holmes ("Mr. Holmes"), has objected to some of the proposed expenditures. One of his objections included a viable alternative: the LaSAS reallocation discussed above. Aside from this proposal, however, Mr. Holmes also has not provided the Court with alternatives which may satisfy his objections.

Were the procurement of the $5 million not an issue of considerable urgency, it may be possible to evolve alternatives for some of the disputed proposed expenditures: alternatives that specifically target points of interest in the desegregation arena. It is clear to the Court that all of the proposed expenditures will

serve to upgrade the designated schools, which is of general benefit to the student population, the school system, and the communities served by these schools. To the extent that the schools are better maintained, they provide a much better environment likely to be viewed positively by the citizens of Avoyelles Parish.

Moreover, the Court notes its role in resolving disputes of this nature in desegregation lawsuits, specifically its obligation to "expunge from the public schools all vestiges of unlawful segregation." Valley v. Rapides Parish Sch. Bd., 702 F.2d 1221, 1225 (5th Cir. 1983). We also observe, however, that significant deference should be given to a school board in making logistical decisions such as the one currently facing the Board in this case. See Anderson ex rel. Anderson v. Canton Mun. Separate Sch. Dist., 232 F.3d 450, 454 (5th Cir. 2000). The Fifth Circuit has characterized the province of school boards in this way:

> *Decisions about construction, renovation, and administration of school facilities are the province of the local school boards as long as such decisions do not violate the Constitution or federal law.* The [school board] is free to construct its schools at locations of its choice and in such a manner as it sees fit-even at a site or in a manner that we might consider unwise or downright foolish-as long as, in the process, it *does not retard desegregation or affect its students in a racially inequitable manner.*

Id. at 455-56 (emphasis added). Presently, the Court lacks not only viable alternatives to the proposed allocations from the parties, but also any substantive discussion as to how those allocations may adversely affect the desegregation process. To the contrary, and after careful review, we find that the funding will be highly beneficial to the schools of Avoyelles Parish, as discussed above.

Accordingly, because time is of the essence and there is good reason to

approve the allocations as submitted (except as to the original proposal regarding LaSAS), the Court **ORDERS** that allocations of funding are hereby approved in the following amounts:

(1) Cottonport Elementary - $805,000;

(2) Bunkie Elementary - $911,000;

(3) Plaucheville Elementary - $225,000;

(4) Riverside Elementary - $325,000;

(5) LaSAS - $300,000;

(6) Lafargue Elementary - $425,000;

(7) Marksville Elementary - $440,000;

(8) Avoyelles High - $841,225;

(9) Bunkie High - $205,000; and

(10) Marksville High - $450,000.

Moreover, the parties should be prepared to discuss specifically alternatives to address the issue of all remaining racially identifiable schools at the upcoming status conference, which will take place on January 27, 2010 at 10:00 A.M. (Doc. 74).

SIGNED on this 21st day of December, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE