RECEIVED
MAR 22 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 65-12721 |
| -vs- | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD | MAGISTRATE JUDGE KIRK |

### RULING AND ORDER

The motion at issue[1] is one by the Avoyelles Parish School Board (the "Board") to allow the construction of three classrooms to accommodate the growing Pre-Kindergarten program at Plaucheville Elementary School. We received opposition to the proposal[2] and held a hearing on January 7, 2011. For the reasons which follow, we GRANT the motion and also clarify certain requirements for submission of proposed expenditures to the Court for approval.

The request in question was supported at the hearing by testimony, and the Court is satisfied that the construction proposed, at a cost of $130,000.00, is both important to satisfy state space requirements and fosters desegregation. In particular the testimony from the Superintendent advised that the school is limited in development of its Pre-Kindergarten program, and the present space is inadequate to meet state regulations for expansion. Too, there was evidence that Majority to Minority transfers

---

[1] "Motion for Miscellaneous Relief" (Document No. 90).

[2] Document No. 96.

have helped the racial ratio at Plaucheville Elementary, and we have no reason to believe that better Pre-Kindergarten facilities will do anything except continue to improve that situation. The Government is correct the motion did not sufficiently document that adequate consideration had been given by the Board to the impact of these proposed improvements on desegregation. See United States v. Board of Public Instruction of Polk County, Fla., 395 F.2d 66, 69 (5th Cir. 1968). However, the testimony at the hearing did reflect that adequately. Accordingly,

IT IS ORDERED that the Motion for Miscellaneous Relief (Document No. 90) is GRANTED, and the requested expenditure is APPROVED.

In order to facilitate the matter of future expenditures by the Board, we are mindful that, since 1988, the Board has been mandated to present to the Court capital expenditures as follows:

> SCHOOL CONSTRUCTION. The construction of new schools in outlying portion[s] of the metropolitan area hinders and inhibits integration. No school site in the parish shall be selected, no school construction begun and no school facility disposed of (including leasing) and no school facilities shall be enlarged without the express approval of this Court.

Questions have arisen as to the type and kind of expenditures which are included in this definition. The particular reason the issue has come up at this point, as opposed to previously, is that the Board is becoming more active and aggressive in endeavoring to improve school facilities in Avoyelles Parish. This is a good thing, as adequate facilities help to lift confidence in the public schools. Still, a better guideline for submission to the Court is appropriate. After consultation with all parties, we impose a $30,000 threshold for presentation to the Court as single item construction or original

fabrication, including improvements to any facility. This requirement does not include mere repairs and replacement of broken items or damaged ones, unless alteration or conversion of the basic building structure will occur. No artificial "splitting" of jobs to attempt to achieve expenditures under $30,000 will be tolerated. Likewise, no motion to approve any such expenditure will be granted without verification in the Board's motion to the Court that the proposal has gone through the Needs Assessment Committee protocol, has received approval from same, and has properly passed the Board by resolution. Nor will the motion be entertained without a clear explanation as to how the expenditure will foster desegregation in the parish schools. The Committee and Board votes on each expenditure must, likewise, be reported to the Court in such motion.

IT IS SO ORDERED.

SIGNED on this 22nd day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3