U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 29 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIV. ACT. NO. 65-12721 |
| -vs- | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD | MAG. JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the court are a series of motions seeking awards of attorney fees by Allen Holmes, Intervenor in the above-captioned school desegregation suit, and two (2) attorneys: Mr. Larvardain, who represented Mr. Holmes briefly in the years 2014 – 2015 and Mr. Jeansonne, who enrolled on Mr. Holmes' behalf in April of 2015. (Docs. 336, 344 and 350).

The motion filed on behalf of Intervenor Holmes presents the court with a unique issue: the right of a non-attorney to be compensated for time and/or expenses associated with his role in advancing important school desegregation litigation. We have previously noted the substantial and faithful contribution made by Mr. Holmes over many years in his role as Intervenor We cannot applaud him enough!

Yet, in spite of Intervenor's invaluable role in this litigation, applicable law does not permit the court to award him attorneys fees nor monetary damages in this case, nor does it permit the court to compensate him for his time or expenses as though he were an attorney. 28

1

U.S.C. § 2412(d)(1)(4). Moreover, even if the court could equate Intervenor's substantial time with that of an experienced attorney, the prayer for relief filed on Intervenor's behalf by Mr. Jeansonne requesting some $2.7 million in "fees and expenses" is utterly unrealistic. (Doc. 341 at pp. 4-5). Jeansonne seeks payment from the United Sates, primarily, but, as should be clear from a reading of the record, even if we could fashion an award for Mr. Holmes individually, the payor of any award would be the Avoyelles Parish School Board ("APSB"), not the United States. The United States' brief opposing Intervenor's motion for fees is, accordingly, superfluous. (Doc. 339).

The court notes, however, that APSB agrees – as does the undersigned - that some reimbursement of Intervenor's expenses may be appropriate in this matter, on an entirely equitable basis. (Doc. 340 at p. 2). We also note that neither Intervenor's original motion, nor supplemental brief include any description of expenses other than rough estimates of time spent. As stated above, compensation for Mr. Holmes's time is simply not a legally permissible quantification of remedy in this instance. Yet, understanding the School Board's apparent recognition through its filing that Mr. Homes should possibly be reimbursed some amount, it is the goal of this court to assist these likeminded parties in working toward an equitable remedy which serves justice and promotes a fair resolution of the issue before us. To that end, it is hereby

**ORDERED** that Intervenor and APSB will confer regarding a compromise of the issue of reimbursement of some amount of Intervenor's expenses incurred during the litigation of this matter during the next thirty (30) days and shall, afterward, update the court with a status of this issue.

2

We now turn our attention toward the motions for attorney fees submitted by attorneys Larvadain and Jeansonne. (Docs. 341 and 344). Motions for attorney fees are decided by a two-step lodestar analysis by courts within the Fifth Circuit. Black v. SettlePou, P.C., 732 F.3d 492, 496 (5th Cir. 2013). The court first determines the number of hours reasonably expended and the appropriate hourly rate, multiplying these two figures to arrive at the "lodestar." Once the court ascertains the lodestar, it may increase or decrease that figure based on what are commonly referred to as the "Johnson factors." La. Power & Light Co. v. Kellstrom, 50 F.3d 319 (5th Cir. 1995); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). In order to facilitate a full record on the issue, the court will permit APSB to file any briefs in response opposition to the two pending attorney fee motions on or before April 22, 2016, thus extending any prior briefing delays assigned to these motions. Any reply from either attorney must, then, be filed by May 6, 2016. At that point the motions will be considered submitted under advisement.

**DATED** at Alexandria, Louisiana this 29 day of March, 2016.

**DEE D. DRELL, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**