U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 9 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIV. ACT. NO. 65-12721 |
| -vs- | JUDGE DRELL |
| AVOYELLES PARISH SCHOOL BOARD | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Pending before the court is a joint motion for the determination of attorney fees owed to attorney Ed Larvadain, Jr., former attorney for Intervenor Allen Holmes, in this long-standing school board desegregation case. (Doc. 350). This motion, filed by Mr. Larvadain and the Avoyelles Parish School Board ("APSB"), is now fully briefed and due for decision. (Docs. 351, 353).[1]

28 U.S.C. § 2412 provides for an award of reasonable attorney fees and costs to a "prevailing party" in any civil action brought "by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412 (a)(1). Mr. Larvadain, one of several attorneys who enrolled late in this case for Intervenor Allen Holmes, seeks an award of attorney fees and costs under this statute.

Our first task in assessing any claim for attorney fees and costs is to determine the reasonable number of hours expended by the attorneys at issue and the reasonable hourly rates of

---

[1]The court directed that briefs addressed to the issue of lodestar analysis be filed by the parties regarding Mr. Larvadain's claim. (Doc. 352 at p. 3).

those attorneys. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 citing Hensley v. Eckherhart, 461 U.S. 424, 433 (1983). The court then multiplies these two numbers to arrive at the lodestar, which may be adjusted up or down, depending upon the particular circumstances of the case. Id., citing Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986).

Mr. Larvadain seeks reimbursement at the rate of $300 per hour for his work in this case. The court finds this rate excessive. Although Mr. Larvadain is an experienced practitioner, the proposed rate is simply beyond the prevailing rates for this area. Kellstrom, 50 F. 3d at 328, citing H. J., Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (court should consider the prevailing rates in the area when determining the reasonableness of the hourly rate). Moreover, the particular work for which Mr. Larvadain is seeking reimbursement was not complex, though we leave further such analysis for later in this opinion. With over 45 years' experience on and off the bench, and having supervised this particular litigation or over eight years, we find the proper prevailing rate for this litigation to be $250 per hour.

A list of tasks and time expended by Mr. Lavardain totals the time spent on this case at 172.5 hours. (Doc. 350-6 at pp. 5-9). However, there are no time sheets, merely an apparently recollected estimate. APSB filed a traversal of Mr. Larvadain's list, raising a series of significant objections. (Doc. 353). APSB's general objection to the list is the very absence of itemized time sheets, denying the parties and the court the opportunity to distinguish between entries that appear to be repetitive. For example, APSB points out that Mr. Larvadain "reviewed documents" comprising the case file upon enrollment at the end of August and beginning of September of 2014 for a total of twelve (12) hours. (See Doc. 350-6 at p. 5, entries of 8/25/14, 8/26/14, 8/27/14, 9/2/14, 9/11/14). On September 20, 2014, Mr. Larvadain then records four (4) hours of preparation for depositions with Debbie Bain and Dwayne Lemoine. (See Doc. 350-6 at p. 5, entry of 9/20/14).

2

On the following day, Mr. Larvadain records an additional two (2) hours for "reviewed documents for the depositions[.]" (See Doc. 350-6 at p. 5, entry of 9/21/14). APSB argues that, without time sheets to substantiate these sixteen (16) hours of document review, particularly as to the depositions taken, the hours claimed appear excessive.

APSB next points out that, giving billable credit for the lunch hour during the deposition of Debbie Bain on September 22, 2014, the maximum billable time for that event should be seven (7) hours, yet it was billed for 8.5 hours. APSB further recalls that Mr. Lavardain asked no questions during the deposition, only remarking that "she handled herself well" during the deposition. (Doc. 353 at p. 2). Similarly, APSB takes issue with the billing of Dwayne Lemoine's deposition for 8.5 hours. APSB argues that the deposition began at 9:00 a.m. and was completed at 4:41 p.m., lasting 7.45 hours, including lunch. (Id.)

Mr. Larvadain's list contains a claim for 10 hours of visiting schools on October 8, 2014. APSB asserts that it "found no time when any principal or employee of the school board entertained a visit past 4:00 P.M. on any given day." (Id.) As pointed out by APSB, there are six (6) elementary schools and four (4) high schools in Avoyelles Parish. Thus, on a best day calculation, Mr. Larvadain could not have expended more 8 hours visiting schools, assuming a 30 minute lunch break. We do not factor in travel time here, as Mr. Larvadain has made a separate expense claim for travel.

The deposition of Dr. Gordon was billed for nine (9) hours, but APSB argues that this deposition lasted "a little over 6 hours, including lunch." (Id. at p. 3). Mr. Larvadain claimed at least nine (9) hours of preparation for the deposition of Dr. Fergus, for which he also billed six (6) hours. APSB alleges that Dr. Fergus' deposition lasted only 2 hours and 40 minutes, during which

Allen Holmes himself asked eleven pages of questions and Mr. Larvadain asked none.  (Id. at p. 3)

Among various other complaints, notably, APSB directs the court's attention to a total of twenty-four (24) hours billed for two (2) mediations (12/8/14, 4/8/15 and 4/9/15).   APSB complains that the actual time spent in these mediations was 11 hours, rather than the 24 claimed. (Id. at p. 4).

Having reviewed Mr. Larvadain's brief and accompanying task list, the court finds APSB's arguments valuable.  Broadly, we observe that the discrepancies between the documented events, such as depositions and mediations, and the time charged are significant and are not supported by any documentation or itemization.   Kellstrom, 50 F.3d at 324, citing, inter alia, Alberti v. Klevenhagen, 896 F.2d 927, 931, vacated on other grounds, 903 F.2d 352 (5th Cir. 1990) (court may refuse to accept documentation that is vague or incomplete at "face value").  Specifically, we agree that many entries, such as those claimed in preparation for the depositions of Bain, Lemoine and Fergus, are excessive in relation to Mr. Larvadain's participation in the deposition questioning. Similarly, in a general context, the hours claimed are excessive in relation to the amount of work produced by Mr. Larvadain in this case and his brief (about six months) time of enrollment on Intervenor's behalf.[2]

We thus accept as correct the assertions of APSB that some of the compensable hours claimed by Mr. Larvadain are unsupportable. Based on the discrepancies argued by APSB, we deem a 32.5 hour reduction in compensable hours appropriate at this stage.   Multiplying our

---

[2] The record shows that Mr. Larvadain's first motion to enroll, filed August 29, 2014, (Doc. 286) was rejected as deficient by the Clerk of Court.  (Doc. 287).  Mr. Larvadain's corrective motion to enroll was not filed until September 19, 2014.  (Doc. 292).  Mr. Larvadain was enrolled in the case by order of the court on September 23, 2014.  (Doc. 293).  Mr. Larvadain's last claim for work done in this case is dated April 9, 2015 (See Doc. 350-6 at p. 9), making his overall length of enrollment approximately six (6) months.

findings as to reasonable hourly rate ($250) and reasonable hours claimed (139.5), we arrive at a lodestar of: **$ 34,875**.

Now that we have established the lodestar, we must consider application of the factors set forth in Johnson v. Georgia Highway Express, Inc. ("Johnson factors"), 488 F.2d 714 (5th Cir. 1974). Hensley v. Eckerhart, 461 U.S. 424, 429-30 (1983) (referring to the wide acceptance of the Fifth Circuit's Johnson factors as a proper analytical device in attorney fee calculations). Many of the Johnson factors are already considered within our lodestar calculation. Several other factors were not adequately considered and merit emphasis here.

## I.      THE CUSTOMARY FEE

As we stated above, the hourly fee of $300 claimed by Mr. Larvadain is clearly in excess of the prevailing market rate for Central Louisiana's bar for this type of case. We now add that Mr. Larvadain, upon whom the burden rests to substantiate his claims in all respects, offers no proof that he is customarily paid $300 per hour for his services.

## II.     THE AMOUNT INVOLVED AND THE RESULTS OBTAINED

Edward Larvadain filed his motion to enroll in this case on August 29, 2014.  (Doc. 286). The motion was defective and was refiled on September 19, 2014.  (Doc. 292).  The enrollment on September 23, 2014 came after the court heard, on July 25, 2014, the School Board's re-urged motion for unitary status.  (Doc. 277).  What was left after that point was an attempted settlement of the remaining issues and the conducting of a mediation in an attempt to iron out the remaining issues.  After additional proceedings with the court authorizing the sale of certain Section 16 property, the next significant action as it relates to Mr. Larvadain's representation was the court's April 16, 2015 receipt of a copy of a letter sent to by Allen Holmes to Mr. Larvadain, advising that his representation was no longer needed.  (Doc. 322).  No reason was given by Mr. Holmes.

Several days later, Mark Jeansonne, a different attorney, was enrolled for Mr. Holmes.  (Doc. 326).
Mr. Jeansonne carried the case to completion.  Within a few weeks a proposed consent order was
approved by the court and the final leg of the school board's effort toward unitary status was
complete.  There is nothing submitted by any party indicating any significance toward closure in
Mr. Larvadain's representation and we simply cannot supply any.  Thus this absence portends a
negative factor in the award of attorney fees to him.


**III.    THE EXPERIENCE, REPUTATION, AND ABILITY OF THE ATTORNEYS**

This factor is a non-issue in the court's analysis.


**IV.    THE "UNDESIRABILITY" OF THE CASE**

This case could not be classified as "undesirable."  Mr. Larvadain opted into the case at a
time when exceptional efforts had been expended by the parties and the court to finalize a solid
unitary status.  What remained was essentially detail work to conclusion.


**V.    THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT**

As we have observed, the relevant period was under seven (7) months with discharge of
counsel before case completion.


**VI.    AWARDS IN SIMILAR CASES**

There are no similar cases to be considered.  Each desegregation case is unique in many
aspects and in Mr. Larvadain's case we consider on a brief period of representation – an unusual
factor for a case award here.

## VII.    APPLICATION OF <u>JOHNSON</u> FACTORS

Collectively, the Johnson factors, discussed above, warrant further reduction in the lodestar of this case, as they reveal that Mr. Larvadain's involvement in this matter was not lengthy, complex, or marked by substantive contribution.  Moreover, the record shows that the client ended Mr. Larvadain's representation in favor of new representation, which moved the case toward completion.

Balanced against these reductive factors, the court takes into account Mr. Larvadain's lump sum expenses claim in the amount of $3500.  (Doc. 350-6 at p. 9).  As is true generally of Mr. Larvadain's claims herein, his expense claim is not itemized and is described only as "[m]iscellaneous expenses such as telephone calls, copying, faxing, travel expenses to and from all schools in Avoyelles Parish more than one time[.]"  (<u>Id</u>.).  It is doubtless that Mr. Larvadain incurred some out-of-pocket expenses during his tenure with this case, but, given the lack of documentation, we decline to accept the face value of Mr. Larvadain's expense claim, which appears inflated to this court.  Nevertheless, we do find that Mr. Larvadain's Johnson lodestar reduction must be tempered with an acknowledgement of his inevitable expenses in this case.

Taking these findings into account, we find that a lodestar reduction, including expenses, to the sum of $23,000.00 is just and represents fair compensation in this case.  An appropriate judgment accompanies this ruling.

Alexandria, Louisiana
June 29, 2016

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT