UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA, ET AL** | **CASE NO. 1:65-CV-12721** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AVOYELLES PARISH SCHOOL BOARD** | **MAG. JUDGE PEREZ-MONTEZ** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Reopen Case [Doc. No. 372] filed by Intervenor/Plaintiff-In-Rule Allen Holmes ("Holmes"). In Opposition to Holmes' Motion to Reopen Case, Defendant Avoyelles Parish School Board ("APSB") filed a Motion to Dismiss Pursuant to FRCP Rule 12(b) or Alternatively for a More Definite Statement Pursuant to FRCP Rule 12(e) [Doc. No. 379]. Holmes filed an Opposition [Doc. No. 381]. APSB filed a Reply [Doc. No. 383].

For the reasons set forth herein, Holmes Motion to Reopen is **DENIED**, and APSB's Motion to Dismiss is **DENIED** as moot.

**I.    BACKGROUND**

On March 2, 1967, over 55 years ago, the United States of America ("USA") filed suit against the APSB alleging racial desegregation in the operation of the Avoyelles Parish school system. Such is the case for many of these matters, the wheels of justice turned slowly. The case had been assigned to multiple judges throughout the decades, including, Judge Nauman Scott, Judge F. A. Little, Jr., Judge Dee D. Drell, and Judge Elizabeth E. Foote. Most recently, and at present, this matter was assigned to this Court [Doc. No. 385].

Ultimately, a Consent Order [Doc. No. 330] was signed on May 21, 2015. The Consent Order contained numerous requirements, which involved student assignment between schools, student

assignment within schools, data collection, data review, self-assessments, construction, and renovation of facilities pursuant to a "Ten Year Plan", monitoring and enforcement.

The Consent Order also ordered that the APSB system be declared unitary, but the Court would retain jurisdiction for three years. The Consent Order provided the case not be dismissed until June 1, 2018. The Dismissal required APSB to file a motion to dismiss the case and have a "show cause" hearing why the suit should be dismissed. No motion to dismiss was filed by APSB, and the matter has not been dismissed up to this point.

Holmes' Motion to Reopen alleges that the APSB is currently operating the Avoyelles Virtual Alternative Program[1] ("AVAP") in violation of the Consent Order. Specifically, Holmes alleges that APSB is violating the Consent Order by not complying with four of the following factors set forth in the United States Supreme Court case of *Green v. County School Board of New Kent County*, 391 U.S. 430 (1968): (1) student assignment, (2) faculty assignment; (3) staff assignment; and (4) facilities.

Holmes alleges that APSB previously operated the AVAP from 2008 to 2015 in a substandard manner. However, Holmes alleges that APSB hired Ombudsmen Educational Service ("Ombudsmen") from 2014 through 2021. Holmes alleges that Ombudsmen did a wonderful job of operating AVAP but that APSB decided not to renew Ombudsmen's contract for the 2021-22 school year.

Other allegations made by Holmes are that there was no operational lunchroom from 2014-2019; the roof leaked from 2016-2018 until a new metal roof was installed in 2018; certain classrooms lacked heating and cooling; no janitor was assigned to the school; the building did not

---

[1] The AVAP is the school where students with discipline problems are sent to continue their education until they return to their zoned school.

2

have an operational burglar and fire alarm system; numerous windows could not be secured; and there were several interior and exterior rotten boards throughout the building.

Holmes also alleges that APSB does not have an "Academic Recovery Plan"[2] for AVAP that has been approved by the Louisiana Department of Education.  Finally, Holmes alleges that all of these violations will result in a disparate impact of discrimination against African American male students, who comprise approximately 80% of AVAP's student population.

In its Motion to Dismiss, APSB moves to dismiss Holmes' motion on the basis of FED. R. CIV. P. 12(b)(1) (subject matter jurisdiction) and on the basis of 12(b)(6) (failure to state a claim upon which relief can be granted.).  In its subject matter jurisdiction argument, APSB argues that its facial attack on subject matter jurisdiction should be granted because Holmes has not alleged a federal question involving racial segregation, because Holmes has not alleged a judicial case or controversy, and because the three-year look-back time period has expired.

As to the 12(b)(6) claim of failure to state a claim upon which relief can be granted, APSB argues that Holmes has not alleged a plausible claim because the allegations do not show a violation of the Consent Order and/or that these alleged failures will disproportionally affect African American students.

Alternatively, APSB alleges that the allegations by Holmes are insufficient to inform; therefore, a more definite statement is required pursuant to FED R. CIV. P. 12(e).

## II.     LAW AND ANALYSIS

Although Holmes filed a Motion to Reopen Case, the Court construes this Motion to be a Motion to enforce Consent Order. This case is currently not closed; there is no reason for any party to file a motion to reopen or reinstate case. In construing the pleading, though, the Court finds that

---

[2] The Academic Recovery Plan was required by the Louisiana Department of Education to help students regain the learning lost through the COVID-19 pandemic.

Holmes is moving to enforce the Consent Order by citing to what he believes APSB has done in violation of the Consent Order. The Court finds that Holmes has failed to point out any violations of the Consent Order and **DENIES** his Motion.

Further, the Court finds that APSB's Motion to Dismiss is **DENIED** as moot. APSB moves to dismiss Holmes' Motion pursuant to FRCP 12(b)(1) and (b)(6). Federal Rule of Civil Procedure 12(b)(1) and (b)(6) states:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (6) failure to state a claim upon which relief can be granted;
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

A Motion to Dismiss under FRCP 12(b) is timely filed at the complaint stage of proceedings. As is obvious from the record of this matter, this case has far exceeded the complaint stage. Accordingly, it is improper and untimely. The Court sees no reason to address APSB's alternative motion for a more definite statement pursuant to FRCP Rule 12(e).

### III.   CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Intervenor/Plaintiff-In-Rule Allen Holmes' Motion to Reopen Case [Doc. No. 372] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Avoyelles Parish School Board's Motion to Dismiss Pursuant to FRCP Rule 12(b) or Alternatively for a More Definite Statement Pursuant to FRCP Rule 12(e) [Doc. No. 379] is **DENIED** as moot.

5

MONROE, LOUISIANA, this 19th day of December 2022.

                                              **TERRY A. DOUGHTY**
                                   **UNITED STATES DISTRICT JUDGE**